**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DORIS J. CRUZ,
        Appellant,

      v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
NY-0752-16-0218-I-1

DATE: August 15, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alberto Ortiz</u>, San Juan, Puerto Rico, for the appellant.

<u>Anthony V. Merlino</u>, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her involuntary disability retirement appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The following facts are undisputed. The appellant was employed by the Post Office as a Distribution and Window Clerk. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 2. She applied for disability retirement on June 1, 2015. *Id.* Her last day in pay status was October 2, 2014. *Id.* On October 31, 2015, she filed a formal complaint of discrimination with her agency's Equal Employment Opportunity (EEO) office alleging that: (1) on May 22, 2015, she received a fitness-for-duty letter, and (2) beginning on June 26, 2015, and continuing, management delayed the process of her medical forms, prolonging her return to work. *Id.* Shortly thereafter, on November 13, 2015, the Office of Personnel Management (OPM) approved her disability retirement application. *Id.*

¶3    On January 21, 2016, an EEO Services Analyst notified the appellant that her EEO complaint was amended to include the claim that, as a result of ongoing harassment based on retaliation for prior EEO activity, she was subjected to abusive behavior, humiliation, embarrassment, surveillance, and public tantrums, which forced her to retire effective November 13, 2015. *Id.* The appellant exercised her right to file a mixed-case appeal with the Board on April 20, 2016, after 120 days from the filing date of her formal complaint lapsed without a final

agency decision on her EEO complaint. IAF, Tab 1 at 6, 9. She alleged on appeal that she was forced into disability retirement by management's abusive conduct and retaliation. IAF, Tab 1 at 6.

¶4  The administrative judge issued a jurisdiction order, which informed the appellant that retirements generally are presumed to be voluntary actions that are not appealable to the Board. IAF, Tab 5. In the order, the administrative judge set forth the criteria for establishing Board jurisdiction over an involuntary disability retirement action. *Id.* at 3-4. The order also set forth the general jurisdictional test for an involuntary retirement action. *Id.* The administrative judge explained that, to be entitled to a jurisdictional hearing, the appellant was required to make a nonfrivolous allegation that her claim of involuntary disability retirement was within the Board's jurisdiction or her appeal would be dismissed. *Id.* The administrative judge also ordered the appellant to file evidence and argument establishing that the Board has jurisdiction over her appeal. *Id.* The appellant and the agency filed timely responses. IAF, Tabs 9-10.

¶5  In responding to the order, the appellant provided an affidavit stating that she was diagnosed with depressive disorder and Post-Traumatic Stress Disorder (PTSD) associated with the military duties that she performed in 1990 and 2003, and that her mental conditions and other physical conditions resulted in her having to apply for leave under the Family Medical Leave Act, light duties, and a reasonable accommodation. IAF, Tab 9 at 14. She also alleged that she applied for disability retirement involuntarily because of mental disability, "resulting [from] and aggravated by the hostile work environment at the Fajardo Postal Unit." *Id.* at 5, 14. In support of her claim, she listed several incidents that allegedly occurred between January 12, 2012, and May 4, 2015, which she claimed resulted in her decision to retire.[2] ID at 6.

---

[2] In her affidavit, the appellant swore that: (1) she filed an EEO complaint on January 24, 2012, because she was denied light duty; (2) on September 20, 2012, her supervisor called her into the office and indicated that she was unproductive; (3) on

¶6    The appellant also provided a report from the psychiatrist who treated her once a month for 9 months, beginning after her last day in pay status. IAF, Tab 9 at 17-19. The psychiatrist listed the appellant's diagnosed conditions as PTSD and a major, recurrent, and severe depressive disorder. *Id.* at 19. The psychiatrist noted that the appellant felt harassed by her boss and believed that her boss was trying to fire her. *Id.* The psychiatrist further noted, inter alia, that the appellant had delusional thoughts of being followed or looked at and that her thoughts revolved around her current work situation and how it affected her. *Id.* The psychiatrist nonetheless described the appellant's mental insight and judgment as good, and she prescribed medications to treat the appellant's mental disorders. *Id.* The psychiatrist offered no opinion on whether the appellant's mental conditions were related to or exacerbated by her work situation. *Id.*

¶7    The administrative judge dismissed the appeal for lack of jurisdiction, without holding the requested hearing. ID at 1. The administrative judge found that the appellant failed to make a nonfrivolous allegation that her disability retirement was coerced and involuntary. ID at 9-10. Assuming the incidents alleged by the appellant were true, the administrative judge found that the agency did not impose the terms of her retirement. ID at 8-9. The administrative judge found that the alleged intolerable work conditions raised by the appellant were generally not so intolerable as to compel a reasonable person to retire, considering the lapse in time between the events the appellant listed as having

---

March 6, 2014, the Postmaster stood close to her and "consistently observ[ed] her;" (4) on September 9 and 19, 2014, the Postmaster looked for her in the bathroom; (5) on September 16, 2014, she was denied union representation and was subjected to an internal investigation; (6) on November 1, 2014, her supervisor refused to sign a CA-2 form until he called the Postmaster; (7) on November 7, 2014, the supervisor refused to give the appellant's friend a copy of the appellant's PS Form 3971; and (8) from April 30 through May 4, 2015, she received various letters with the same information for a pre-disciplinary interview for failure to be regular in attendance. IAF, Tab 9 at 5-6.

contributed to her decision to apply for disability retirement and the date on which she actually applied for it. ID at 8-10.

¶8 The administrative judge also found that the appellant failed to nonfrivolously allege that there was a link between the agency's improper acts in 2012 and 2014 and her June 2015 disability retirement application, because she failed to allege how the incidents she identified in her affidavit caused or exacerbated the medical conditions underlying her disability retirement application. *Id.* The administrative judge found, moreover, that the appellant failed to make a nonfrivolous allegation that the agency denied her accommodation.[3] *Id.* Based on the foregoing, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 10.

¶9 The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to her petition. PFR File, Tab 3.

¶10 Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, an appellant may overcome the presumption of voluntariness by showing that her retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). An appellant is entitled to a jurisdictional hearing over an alleged involuntary retirement only if she makes a nonfrivolous

---

[3] The Board generally limits its jurisdiction over allegedly involuntary disability retirement claims to cases wherein the agency improperly denied an appellant's request for accommodation. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 12 (2011). In responding to the show cause order on jurisdiction, the appellant stated the Postmaster agreed to provide her with reasonable accommodations on April 17, 2012, during a mediation process. IAF, Tab 9 at 26. The administrative judge found that the appellant failed to raise a nonfrivolous allegation that the agency failed to provide her with accommodation. ID at 9.

allegation casting doubt on the presumption of voluntariness. *Id.*, ¶ 16. Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could show Board jurisdiction over the matter at issue. *Id.*

¶11 To establish involuntariness on the basis of coercion, an employee must show that: the agency effectively imposed the terms of her retirement; she had no realistic alternative but to retire; and her retirement was the result of improper acts by the agency. *Id.* "[T]he fact than an employee is faced with an unpleasant situation or that her choice is limited to two unattractive options does not make [her] decision any less voluntary." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (1996). The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Id.* The "totality of the circumstances" test is measured by an objective standard rather than by the employee's purely subjective evaluation. *Heining v. General Services Administration*, 68 M.S.P.R. 513, 520 (1995).

¶12 The appellant's sole argument on review is that the administrative judge should have analyzed whether her working environment was intolerable from the perspective of someone with the same mental condition as herself. PFR File, Tab 1 at 3. However, the appellant's mental condition reflects her subjective perspective, which is not the measure of the voluntariness of a retirement based on alleged intolerable working conditions. *See Gregory v. Federal Communications Commission*, 84 M.S.P.R. 22, ¶ 14 (1999) (finding that, although the appellant's increasing frustration led her to believe that she could only remedy her situation by resigning, an employee's subjective evaluation is not the measure of the voluntariness of a resignation based on alleged intolerable work conditions), *aff'd*, 232 F.3d 912 (Fed. Cir. 2000) (Table).

¶13 We find that the appellant has failed to show that the administrative judge erred in dismissing this alleged involuntary disability retirement appeal for lack of jurisdiction. The applicable law and the record evidence support the

administrative judge's finding that, based on the totality of the circumstances, the appellant failed to raise a nonfrivolous allegation of jurisdiction over her involuntary disability retirement appeal. *See* ID at 3-10; IAF, Tab 9. We therefore discern no reason to disturb these explained findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.